JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-8322 PA (SSCx) | Date | September 19, 2025 |
|---|---|---|---|
| Title | Drew Ashton v. Delta Airlines, Inc., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Kamilla Sali-Suleyman | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS — COURT ORDER

  Before the Court is a Notice of Removal filed by defendant Delta Air Lines, Inc. ("Delta"). In the Notice of Removal, Delta asserts that this Court has jurisdiction over the action brought against it and defendants Christopher Greenstein and Lance Johnson (collectively "Individual Defendants") by plaintiff Drew Ashton ("Plaintiff") based on the Court's diversity jurisdiction. See 28 U.S.C. § 1332.

  Plaintiff filed his Complaint in Los Angeles County Superior Court on March 14, 2025. The Complaint alleges claims arising out of the termination of Plaintiff's employment from Delta. The Complaint alleges state law claims against Delta for: (1) disability discrimination in violation of the California Fair Employment and Housing Act ("FEHA"); (2) disability retaliation in violation of FEHA; (3) failure to provide reasonable accommodations; (4) failure to engage in the interactive process; (5) failure to prevent discrimination, harassment and retaliation in violation of FEHA; (6) rest break liability in violation of the California Labor Code; (7) failure to pay minimum wages; (8) failure to provide accurate itemized wage statements; (9) penalties pursuant to the California Labor Code; (10) unfair business practices pursuant to California Business and Professions Code section 17200; (11) intentional infliction of emotional distress; (12) whistleblower violations under the California Labor Code; and (13) retaliation and wrongful termination in violation of public policy. The Complaint's 11th claim for intentional infliction of emotional distress is also alleged against the Individual Defendants.

  Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. See 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-8322 PA (SSCx) | Date | September 19, 2025 |
|---|---|---|---|
| Title | Drew Ashton v. Delta Airlines, Inc., et al. | | |

statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

In attempting to invoke this Court's diversity jurisdiction, Delta must demonstrate that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. See 28 U.S.C. § 1332. To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." Id.

The Ninth Circuit has recognized an exception to the complete diversity requirement where a non-diverse defendant has been "fraudulently joined." Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001). If a plaintiff "fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987). If the Court finds that the joinder of a non-diverse defendant is fraudulent, that defendant's presence in the lawsuit is ignored for the purposes of determining diversity. See, e.g., Morris, 236 F.3d at 1067.

"There is a presumption against finding fraudulent joinder, and defendants who assert that plaintiff has fraudulently joined a party carry a heavy burden of persuasion." Plute v. Roadway Package Sys., Inc., 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001). A claim of fraudulent joinder should be denied if there is any possibility that the plaintiff may prevail on the cause of action against the in-state defendant. See id. at 1008, 1012. "The standard is not whether plaintiffs will actually or even probably prevail on the merits, but whether there is a possibility that they may do so." Lieberman v. Meshkin, Mazandarani, No. C-96-3344 SI, 1996 WL 732506, at *3 (N.D. Cal. Dec. 11, 1996); see also Good v. Prudential Ins. Co. of Am., 5 F. Supp. 2d 804, 807 (N.D. Cal. 1998) ("[T]he defendant must demonstrate that there is no possibility that the plaintiff will be able to establish a cause of action in State court against the alleged sham defendant."). "In determining whether a defendant was joined fraudulently, the court must resolve 'all disputed questions of fact and all ambiguities in the controlling state law in favor of the non-removing party.'" Plute, 141 F. Supp. 2d at 1008 (quoting Dodson v. Spiliada, 951 F.2d 40, 42-43 (5th Cir. 1992)). A court should remand a case "unless the defendant shows that the plaintiff 'would

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-8322 PA (SSCx) | Date | September 19, 2025 |
|---|---|---|---|
| Title | Drew Ashton v. Delta Airlines, Inc., et al. | | |

not be afforded leave to amend his complaint to cure [the] purported deficiency.'" Padilla v. AT&T Corp., 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009) (quoting Burris v. AT&T Wireless, Inc., No. C 06-02904 JSW, 2006 WL 2038040, at *2 (N.D. Cal. July 19, 2006)). If there is "a non-fanciful possibility that plaintiff can state a claim under [state] law against the non-diverse defendants[,] the court must remand." Mireles v. Wells Fargo Bank, N.A., 845 F. Supp. 2d 1034, 1062 (C.D. Cal. 2013) (brackets in original) (quoting Macey v. Allstate Prop. & Cas. Ins. Co., 220 F. Supp. 2d 1116, 1117 (N.D. Cal. 2002)).

In its Notice of Removal, Delta alleges that its citizenship is diverse from Plaintiff's citizenship, but in arguing that the citizenship of the Individual Defendants should be ignored because they are fraudulently joined, admits that Plaintiff and the Individual Defendants are not diverse. Specifically, Delta asserts that the Complaint does not contain sufficient facts concerning the conduct of the Individual Defendants to support a viable claim for intentional infliction of emotional distress. Delta additionally contends that the intentional infliction of emotional distress claim is preempted by the exclusive remedy provisions of the Workers' Compensation Act.

The Workers' Compensation Act generally provides the exclusive remedy for wrongful conduct occurring at the worksite. See Miklosy v. Regents of Univ. of Cal., 44 Cal. 4th 876 (2008). However, exceptions to this rule exist for conduct that contravenes fundamental public policy and for conduct that exceeds the risks inherent in the employment relationship. See id. at 645-46 (discussing Livitsanos v. Superior Court, 2 Cal. 4th 744 (1992)). Within the Ninth Circuit, courts routinely conclude that the California's workers' compensation exclusivity doctrine does not bar intentional infliction of emotional distress claims predicated on unlawful discrimination. See Rockymore v. Eurofins Donor & Prod. Testing, Inc., Case No. CV 3:22-176 WHO, 2022 WL 1188859 at *12 (N.D. Cal. Apr. 20, 2022) (collecting cases); see also Plute, 141 F. Supp. 2d at 1008. "Some courts after Miklosy have found that IIED claims based upon alleged discrimination do fall outside the normal course of an employer-employee relationship and thus are not barred by the [Workers' Compensation] Act's exclusivity provisions." Zolensky v. Am. Medflight, Inc., No. 2:16-cv-00788-KJM-KJN, 2017 WL 1133926, at *7-8 (E.D. Cal. Mar. 27, 2017) (finding that the exception did not apply in that case because the plaintiff did not allege discrimination based on race, religion, age, gender, or the like); see Vanderhule v. Amerisource Bergen Drug Corp., No. SACV 16-2104 JVS (JCGx), 2017 WL 168911, at *4 (C.D. Cal. Jan. 17, 2017) (stating that "California district courts have generally not applied Miklosy to discrimination claims" and collecting cases); id. ("[C]ourts have held that IIED claims are not preempted by the Workers Compensation Act when they involve separate discrimination claims, such as allegations that an employer discriminated against the plaintiff by

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-8322 PA (SSCx) | Date | September 19, 2025 |
|---|---|---|---|
| Title | Drew Ashton v. Delta Airlines, Inc., et al. | | |

refusing to provide medical leave for a disability."). Here, Plaintiff asserts in her IIED claim that each as a "result of defendants' extreme and outrageous conduct, Plaintiff has suffered severe mental and emotional pain and anguish, distress, discomfort, humiliation, and emotional distress . . . ." (Compl. ¶ 132.) Plaintiff's claim thus may not be precluded by the Workers' Compensation Act. See, e.g., Onelum v. Best Buy Stores L.P., 948 F. Supp. 2d 1048 (C.D. Cal. 2013) ("Plaintiff's intentional infliction of emotional distress claim is based on the allegation that Defendant Nersissian repeatedly threatened to terminate him, while also disparaging his accent. Defendants have failed to show that Plaintiff's claim is impossible as a matter of California law. Specifically, Defendants have not shown whether Defendant Nersissian's acts are within the 'normal risks' of the employment relationship or the fundamental public policy of California. To the contrary, the Ninth Circuit has held that racial discrimination is not a 'normal part' of the workplace.").

The Court finds that Delta has not met the "heavy burden of persuasion" that there is no possibility that Plaintiff may prevail on his intentional infliction of emotional distress claim against the Individual Defendants. To the extent that Plaintiff's allegations currently do not fall within an exception to the Workers' Compensation Act's exclusivity provisions or are deficiently pled, the Court cannot conclude, on this record, that Plaintiff would not be afforded leave to amend his Complaint to state a viable claim against the Individual Defendants. See Padilla, 697 F. Supp. 2d at 1159; see also Maciel v. Signature Flight Support Corp., No. 2:14-cv-03403-CAS (Ex), 2014 WL 2472309, at *3 (C.D. Cal. June 2, 2014) ("[A]n exception to [preemption] exists if the conduct underlying the IIED claim 'contravenes fundamental public policy.' Such 'fundamental public policy' must have a 'basis in either constitutional or statutory provisions.' Here, it is possible that plaintiff will be able to amend her complaint to allege a basis for an IIED claim that contravenes a 'fundamental public policy.'" (citations omitted)); Birkhead v. Parker, No. C 12-2264 CW, 2012 WL 4902695, at *3 (N.D. Cal. Oct. 15, 2012) ("Even if these allegations do not rise to the level of outrageous conduct [to support an IIED claim], Defendants cannot establish that Plaintiff would not be able to amend the complaint to allege any viable claim against Parker under California law. . . . The defendant seeking removal based on fraudulent joinder must do more than show that the complaint at the time of removal fails to state a claim against the non-diverse defendant, but must show that there is no possibility that the plaintiff could prevail on any cause of action it brought against the non-diverse defendant.").

For all of the foregoing reasons, the Court concludes that Delta has failed to meet its burden to establish that the Individual Defendants have been fraudulently joined. Because the

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-8322 PA (SSCx) | Date | September 19, 2025 |
|---|---|---|---|
| Title | Drew Ashton v. Delta Airlines, Inc., et al. | | |

Court cannot ignore the citizenship of the Individual Defendants, and based on the Notice of Removal, both of the Individual Defendants and Plaintiff are citizens of California, the Court does not possess diversity jurisdiction over this action.  The Court therefore remands this action to Los Angeles County Superior Court, Case No. 25STCV07494, for lack of subject matter jurisdiction.  See 28 U.S.C. § 1447(c).

    IT IS SO ORDERED.